CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
/s/ or Roanoke
OCT 29 2010
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RONALD ALLAN SCOTT,<br>    Plaintiff, | ) <br> ) <br> ) | Civil Action No. 7:10cv00379 |
| v. | ) <br> ) | **MEMORANDUM OPINION** |
| BRISTOL CITY JAIL, et al.,<br>    Defendants. | ) <br> ) <br> ) | By: Samuel G. Wilson<br>United States District Judge |

This is an action by Ronald Alan Scott, a prisoner at the Bristol City Jail, against the Jail, the Sheriff, and two of his officers complaining about the lack of security for outgoing mail. The court finds that Scott's complaint fails to state a plausible claim for relief and dismisses it pursuant to 28 U.S.C. § 1915A(b)(1).

## I.

Scott complains of the Jail's practice of placing mail in an unsecured location for "several hours" where it can be viewed by other inmates. He believes a "lock box needs to be installed . . . so that outgoing mail is not available to other inmates." According to a grievance Scott filed at the Jail, Scott sent mail to his attorney that his attorney had not "received after week." One of the defendants responded to Scott's grievance that Scott could alleviate his concerns by simply giving his mail to one of the deputies making rounds, and Scott replied that the deputies would not take his mail and that in any event, he rarely saw a deputy.

## II.

As a prison inmate, Scott retains certain First Amendment rights, including the right to send and receive mail. Thornburgh v. Abbott, 490 U.S. 401, 407-08 (1989). Although mail handling procedures may under certain circumstances give rise to a claim if they result in actual harm or

prejudice to the inmate's ability to communicate with the court or counsel, see Lewis v. Casey, 518 U.S. 343, 351 (1996), Scott has not alleged that he has been harmed or prejudiced in any way. Further, isolated incidents of mail mishandling, while not to be condoned, do not rise to the level of a constitutional violation. See Pearson v. Simms, 345 F. Supp. 2d 515, 519 (D. Md. 2003) (aff'd, 88 F. App'x. 639 (4th Cir. 2004)) (holding that "occasional incidents of delay or non-delivery of mail" are not actionable under § 1983); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (noting that "an isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); Gardner v. Howard, 109 F.3d 427, 430-31 (8th Cir. 1997) (holding that isolated, inadvertent instances of legal mail being opened outside of an inmate's presence are not actionable); Bryant v. Winston, 750 F. Supp. 733, 734 (E.D. Va. 1990) (holding that an isolated incident of mail mishandling, which is not part of any pattern or practice, is not actionable under § 1983). Accordingly, the court finds that Scott has failed to state a plausible claim for relief, and the court dismisses his suit without prejudice.

### III.

For the reasons stated the court dismisses Scott's complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

ENTER: This October 29, 2010.

UNITED STATES DISTRICT JUDGE